EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorney
    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3523
    E-mail:   greg.staples@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SACR16-00147 |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| ANGEL BRONSGEEST, | |
| Defendant. | |

1.   This constitutes the plea agreement between Angel
Bronsgeest ("defendant") and the United States Attorney's Office for
the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and,
at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a one-count information that
charges defendant with wire fraud in violation of 18 U.S.C. § 1343.

     b.   Not contest facts agreed to in this agreement.

     c.   Abide by all agreements regarding sentencing contained
in this agreement.

     d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

     e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

     f.   Be truthful at all times with Pretrial Services, the
United States Probation Office, and the Court.

     g.   Pay the applicable special assessment at or before the
time of sentencing unless defendant lacks the ability to pay and
prior to sentencing submits a completed financial statement on a form
to be provided by the USAO.

   3.   Defendant further agrees to cooperate fully with the USAO,
the FBI, and, as directed by the USAO, any other federal, state,
local, or foreign prosecuting, enforcement, administrative, or
regulatory authority.  This cooperation requires defendant to:

     a.   Respond truthfully and completely to all questions
that may be put to defendant, whether in interviews, before a grand
jury, or at any trial or other court proceeding.

     b.   Attend all meetings, grand jury sessions, trials or
other proceedings at which defendant's presence is requested by the
USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement or pursuant to the letter agreement previously entered into by the parties dated August 12, 2015 (the "Letter Agreement"); and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 24 or higher.  For purposes of this

1  agreement, the low end of the Sentencing Guidelines range is that

2  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

3       6.  The USAO further agrees:

4       a.  Not to offer as evidence in its case-in-chief in the

5  above-captioned case or any other criminal prosecution that may be

6  brought against defendant by the USAO, or in connection with any

7  sentencing proceeding in any criminal case that may be brought

8  against defendant by the USAO, any Cooperation Information.

9  Defendant agrees, however, that the USAO may use both Cooperation

10 Information and Plea Information: (1) to obtain and pursue leads to

11 other evidence, which evidence may be used for any purpose, including

12 any criminal prosecution of defendant; (2) to cross-examine defendant

13 should defendant testify, or to rebut any evidence offered, or

14 argument or representation made, by defendant, defendant's counsel,

15 or a witness called by defendant in any trial, sentencing hearing, or

16 other court proceeding; and (3) in any criminal prosecution of

17 defendant for false statement, obstruction of justice, or perjury.

18      b.  Not to use Cooperation Information against defendant

19 at sentencing for the purpose of determining the applicable guideline

20 range, including the appropriateness of an upward departure, or the

21 sentence to be imposed, and to recommend to the Court that

22 Cooperation Information not be used in determining the applicable

23 guideline range or the sentence to be imposed.  Defendant

24 understands, however, that Cooperation Information will be disclosed

25 to the probation office and the Court, and that the Court may use

26 Cooperation Information for the purposes set forth in U.S.S.G.

27 § 1B1.8(b) and for determining the sentence to be imposed.

28

1    c.    In connection with defendant's sentencing, to bring to
2  the Court's attention the nature and extent of defendant's
3  cooperation.

4    d.    If the USAO determines, in its exclusive judgment,
5  that defendant has both complied with defendant's obligations under
6  paragraphs 2 and 3 above and provided substantial assistance to law
7  enforcement in the prosecution or investigation of another
8  ("substantial assistance"), to move the Court pursuant to U.S.S.G.
9  § 5K1.1 to fix an offense level and corresponding guideline range
10  below that otherwise dictated by the sentencing guidelines, and to
11  recommend a term of imprisonment within this reduced range.

12                   DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

13       7.    Defendant understands the following:

14       a.    Any knowingly false or misleading statement by
15  defendant will subject defendant to prosecution for false statement,
16  obstruction of justice, and perjury and will constitute a breach by
17  defendant of this agreement.

18       b.    Nothing in this agreement requires the USAO or any
19  other prosecuting, enforcement, administrative, or regulatory
20  authority to accept any cooperation or assistance that defendant may
21  offer, or to use it in any particular way.

22       c.    Defendant cannot withdraw defendant's guilty plea if
23  the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a
24  reduced guideline range or if the USAO makes such a motion and the
25  Court does not grant it or if the Court grants such a USAO motion but
26  elects to sentence above the reduced range.

27       d.    At this time the USAO makes no agreement or
28  representation as to whether any cooperation that defendant has

                                    5

provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

  e. The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

NATURE OF THE OFFENSE

  8. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, the following must be true: (1) defendant made up or knowingly participated in a scheme or plan for obtaining money or property by making false promises or statements; (2) defendant knew that the promises or statements were false; (3) the promises or statements were material, that is they would reasonably influence a person to part with money or property; (4) defendant acted with the intent to defraud; and (5) defendant used, or caused to be used, a wire in or affecting interstate commerce in furtherance of the scheme.  Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the information.

PENALTIES AND RESTITUTION

  9. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1341, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

1 | gross loss resulting from the offense, whichever is greatest; and a
2 | mandatory special assessment of $100.

3 |     10.   Defendant understands that defendant will be required to
4 | pay full restitution to the victims of the offense to which defendant
5 | is pleading guilty.  Defendant agrees that, in return for the USAO's
6 | compliance with its obligations under this agreement, the Court may
7 | order restitution to persons other than the victims of the offense to
8 | which defendant is pleading guilty and in amounts greater than those
9 | alleged in the count to which defendant is pleading guilty.  In
10 | particular, defendant agrees that the Court may order restitution to
11 | any victim of any of the following for any losses suffered by that
12 | victim as a result: (a) any relevant conduct, as defined in U.S.S.G.
13 | § 1B1.3, in connection with the offenses to which defendant is
14 | pleading guilty; and (b) any charges not prosecuted pursuant to this
15 | agreement as well as all relevant conduct, as defined in U.S.S.G.
16 | § 1B1.3, in connection with those charges.  The parties currently
17 | believe that the applicable amount of restitution is approximately
18 | $4,500,000, but recognize and agree that this amount could change
19 | based on facts that come to the attention of the parties prior to
20 | sentencing.

21 |     11.   Defendant understands that supervised release is a period
22 | of time following imprisonment during which defendant will be subject
23 | to various restrictions and requirements.  Defendant understands that
24 | if defendant violates one or more the conditions of any supervised
25 | release imposed, defendant may be returned to prison for all or part
26 | of the term of supervised release authorized by statute for the
27 | offense that resulted in the term of supervised release, which could
28 |

1  result in defendant serving a total term of imprisonment greater than
2  the statutory maximum stated above.

3      12.   Defendant understands that, by pleading guilty, defendant
4  may be giving up valuable government benefits and valuable civic
5  rights, such as the right to vote, the right to possess a firearm,
6  the right to hold office, and the right to serve on a jury.
7  Defendant understands that once the court accepts defendant's guilty
8  plea, it will be a federal felony for defendant to possess a firearm
9  or ammunition.   Defendant understands that the conviction in this
10  case may also subject defendant to various other collateral
11  consequences, including but not limited to revocation of probation,
12  parole, or supervised release in another case and suspension or
13  revocation of a professional license.   Defendant understands that
14  unanticipated collateral consequences will not serve as grounds to
15  withdraw defendant's guilty plea.

16      13.   Defendant understands that, if defendant is not a United
17  States citizen, the felony conviction in this case may subject
18  defendant to: removal, also known as deportation, which may, under
19  some circumstances, be mandatory; denial of citizenship; and denial
20  of admission to the United States in the future.   The court cannot,
21  and defendant's attorney also may not be able to, advise defendant
22  fully regarding the immigration consequences of the felony conviction
23  in this case.   Defendant understands that unexpected immigration
24  consequences will not serve as grounds to withdraw defendant's guilty
25  plea.

26                           FACTUAL BASIS

27      14.   Defendant admits that defendant is, in fact, guilty of the
28  offense to which defendant is agreeing to plead guilty.   Defendant

8

1  and the USAO agree to the statement of facts provided below and agree
2  that this statement of facts is sufficient to support a plea of
3  guilty to the charge described in this agreement and to establish the
4  Sentencing Guidelines factors set forth in paragraph 16 below but is
5  not meant to be a complete recitation of all facts relevant to the
6  underlying criminal conduct or all facts known to either party that
7  relate to that conduct.
8      From at least 2007 through at least October 2013, in Orange
9      County, in the Central District of California and elsewhere,
10     defendant and Shawn Watkins doing business as Investors
11     Workshops, Inc. and The Equity Growth Group, Inc. ("TEGG"),
12     knowingly participated in a plan for obtaining money for
13     property in connection with the offering of investments in real
14     estate.  Starting in and about 2010, defendant and Watkins
15     knowingly made false promises or statements to obtain money for
16     property in connection with the offering of investments in real
17     estate.  Defendant and Watkins conducted monthly seminars for
18     Investors Workshops in which attendees were informed on how to
19     invest in real estate.  Attendees were told that TEGG acquired
20     properties or took over payments from homeowners who wanted out
21     of their properties and held the properties long term to
22     generate rental income.  Watkins and defendant told attendees
23     that TEGG was acquiring properties and had a positive cash flow
24     on properties that it owned or controlled.  Watkins told
25     attendees that he was a former Deputy with the Orange County
26     Sheriff's Department.  Attendees of the workshops were given the
27     opportunity to become investors in TEGG.  These investors were
28     told that their loans to or investments in TEGG would be secured

by deeds of trust on properties TEGG owned. Prospective investors were told that their money would be used to acquire properties, and in some cases repair properties when needed. Some investors were asked to provide "bridge loans" to allow TEGG to acquire certain properties when money from another investor had not yet been received. In fact, since the beginning of defendant's involvement with TEGG, TEGG had a negative cash flow and since 2011 was no longer acquiring properties. Instead, money from investors was used to pay other investors, and to pay salaries for staff (including Watkins and defendant) and other expenses of TEGG and mortgages on three houses owned by TEGG which were being occupied by Watkins, his parents and his estranged wife and children. In addition, in many cases deeds of trust were not recorded to secure investors' money, or multiple deeds of trust were filed on single properties in excess of the value of the properties.

In furtherance of these actions, defendant caused the following wire to occur in or affecting interstate commerce: On July 26, 2013, a $119,000 wire transfer from victim C.C. (American Estate & Trust) to Global Orbit account ending 9506. In committing the above-stated acts, defendant knew or should have known that statements made to victim C.C. were false and material in causing victim C.C. to make the investment in TEGG. As a result of this operation, more than 50 victims lost approximately $3,400,000.

### SENTENCING FACTORS

15. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

1   Guidelines range and to consider that range, possible departures

2   under the Sentencing Guidelines, and the other sentencing factors set

3   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

4   Sentencing Guidelines are advisory only, that defendant cannot have

5   any expectation of receiving a sentence within the calculated

6   Sentencing Guidelines range, and that after considering the

7   Sentencing Guidelines and the other § 3553(a) factors, the Court will

8   be free to exercise its discretion to impose any sentence it finds

9   appropriate up to the maximum set by statute for the crime of

10  conviction.

11       16.  Defendant and the USAO agree to the following applicable

12  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Specific Offense Characteristics | | |
| Loss > $1.5 million: | 16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| More than 10 victims: | 2 | U.S.S.G. § 2B1.1(2)(A) |

18  Defendant and the USAO reserve the right to argue that additional

19  specific offense characteristics, adjustments, and departures under

20  the Sentencing Guidelines are appropriate.

21       17.  Defendant understands that there is no agreement as to

22  defendant's criminal history or criminal history category.

23       18.  Defendant and the USAO reserve the right to argue for a

24  sentence outside the sentencing range established by the Sentencing

25  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

26  (a)(2), (a)(3), (a)(6), and (a)(7).

11

## WAIVER OF CONSTITUTIONAL RIGHTS

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

20.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is
2  pleading guilty.

3  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

4       21.  Defendant agrees that, provided the Court imposes a term of
5  imprisonment within or below the range corresponding to an offense
6  level of 24 and the criminal history category calculated by the
7  Court, defendant gives up the right to appeal all of the following:
8  (a) the procedures and calculations used to determine and impose any
9  portion of the sentence, (b) the term of imprisonment imposed by the
10  Court; (c) the fine imposed by the court, provided it is within the
11  statutory maximum; (d) the amount and terms of any restitution order,
12  provided it requires payment of no more than $4,500,000; (e) the term
13  of probation or supervised release imposed by the Court, provided it
14  is within the statutory maximum; and (f) any of the following
15  conditions of probation or supervised release imposed by the Court:
16  the conditions set forth in General Orders 318, 01-05, and/or 05-02
17  of this Court; the drug testing conditions mandated by 18 U.S.C.
18  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions
19  authorized by 18 U.S.C. § 3563(b)(7).

20       22.  The USAO agrees that, provided (a) all portions of the
21  sentence are at or below the statutory maximum specified above and
22  (b) the Court imposes a term of imprisonment within or above the
23  range corresponding to an offense level of 24 and the criminal
24  history category calculated by the Court, the USAO gives up its right
25  to appeal any portion of the sentence, with the exception that the
26  USAO reserves the right to appeal the amount of restitution ordered
27  if that amount is less than $4,500,000.

28

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO choose to pursue any charge that was not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF THE AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

14

## BREACH OF AGREEMENT

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.   If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.   The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated not to criminally prosecute pursuant to this agreement; and (iii) will no longer be bound by any

agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.    The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.    In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

26.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

16

1          b.    Defendant waives and gives up all defenses based on

2 the statute of limitations, any claim of pre-indictment delay, or any

3 speedy trial claim with respect to any such action, except to the

4 extent that such defenses existed as of the date of defendant's

5 signing this agreement.

6                 COURT AND PROBATION OFFICE NOT PARTIES

7     27.  Defendant understands that the Court and the United States

8 Probation Office are not parties to this agreement and need not

9 accept any of the USAO's sentencing recommendations or the parties'

10 agreements to facts or sentencing factors.

11     28.  Defendant understands that both defendant and the USAO are

12 free to: (a) supplement the facts by supplying relevant information

13 to the United States Probation Office and the Court, (b) correct any

14 and all factual misstatements relating to the Court's Sentencing

15 Guidelines calculations and determination of sentence, and (c) argue

16 on appeal and collateral review that the Court's Sentencing

17 Guidelines calculations and the sentence it chooses to impose are not

18 error, although each party agrees to maintain its view that the

19 calculations in paragraph 16 are consistent with the facts of this

20 case.   While this paragraph permits both the USAO and defendant to

21 submit full and complete factual information to the United States

22 Probation Office and the Court, even if that factual information may

23 be viewed as inconsistent with the facts agreed to in this agreement,

24 this paragraph does not affect defendant's and the USAO's obligations

25 not to contest the facts agreed to in this agreement.

26     29.  Defendant understands that even if the Court ignores any

27 sentencing recommendation, finds facts or reaches conclusions

28 different from those agreed to, and/or imposes any sentence up to the

1  maximum established by statute, defendant cannot, for that reason,
2  withdraw defendant's guilty plea, and defendant will remain bound to
3  fulfill all defendant's obligations under this agreement.  Defendant
4  understands that no one -- not the prosecutor, defendant's attorney,
5  or the Court -- can make a binding prediction or promise regarding
6  the sentence defendant will receive, except that it will be within
7  the statutory maximum.

NO ADDITIONAL AGREEMENTS

9      30.  Defendant understands that, except as set forth herein,
10  there are no promises, understandings, or agreements between the USAO
11  and defendant or defendant's attorney, and that no additional
12  promise, understanding, or agreement may be entered into unless in a
13  writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

15     31.  The parties agree that this agreement will be considered
16  part of the record of defendant's guilty plea hearing as if the
17  entire agreement had been read into the record of the proceeding.

18  AGREED AND ACCEPTED

19  UNITED STATES ATTORNEY'S OFFICE
20  FOR THE CENTRAL DISTRICT OF
    CALIFORNIA

21  _____        11/2/16
22  GREGORY W. STAPLES                      Date
    Assistant United States Attorney

23  _____        7-6-16
24  ANGEL BRONSGEEST                        Date
    Defendant

25  _____        July 6th 2016
26  JACK BREWER, ESQ.                       Date
    Attorney for Defendant Angel
27  Bronsgeest

28

18

CERTIFICATION OF DEFENDANT

    I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____      7-6-16
ANGEL BRONSGEEST                Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am Angel Bronsgeest's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

19

1  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
2  provisions, and of the consequences of entering into this agreement.
3  To my knowledge: no promises, inducements, or representations of any
4  kind have been made to my client other than those contained in this
5  agreement; no one has threatened or forced my client in any way to
6  enter into this agreement; my client's decision to enter into this
7  agreement is an informed and voluntary one; and the factual basis set
8  forth in this agreement is sufficient to support my client's entry of
9  a guilty plea pursuant to this agreement.

10 _____          _July 6th 2016_____
11 JACK BREWER, ESQ.                         Date
   Attorney for Defendant Angel
12 Bronsgeest

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28